CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 93-00020-001-R |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |
| CARLYLE EDGAR COLEMAN ) | By: Samuel G. Wilson |
| ) | United States District Judge |

This is a motion pursuant to 18 U.S.C. § 3582(c)(2) by Carlyle Edgar Coleman, an armed career criminal under the United States Sentencing Commission guidelines, for a recalculation of his guidelines pursuant to Amendment 599 of the guidelines and a corresponding reduction of his sentence. Because the court calculated Coleman's guidelines on the basis of his career offender status and ultimately sentenced him to the mandatory, statutory minimum. The amendment is immaterial to his sentence. Accordingly, the court will deny his motion.

I.

In 1993, a jury found Coleman guilty of: (1) possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), which in light of his previous convictions qualified him for a sentence enhancement under 18 U.S.C. § 924(e); (2) possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1). At sentencing the court determined that Coleman was an armed career criminal under U.S.S.G.. § 4B1.4(b)(3)(A). This produced a guideline range for the grouped counts of conviction of 262 to 327 months. The court departed downward and sentenced Coleman to the statutory, mandatory

minimum under § 924(e), 15 years, and added to that the mandatory consecutive term of five years for the § 924(c) offense, for a total sentence of 240 months.

## II.

Effective November 1, 2000 the United States Sentencing Commission amended U.S.S.G. § 2K2.4 with Amendment 599 which Coleman argues applies to his guideline calculation. The court will not belabor the intricacies and purposes of that amendment, but simply notes that it has no application to a defendant whose guideline was calculated based upon his career offender status. See United States v. Hickey, 280 F.3d 65 (1st Cir. 2002). Moreover, even if it were applicable, it could have no impact on the length of Coleman's sentence because the court departed downward and sentenced Coleman to the statutory, mandatory minimum, 15 years for the § 924(e) offense and five years consecutive for the § 924(c) offense.

## III.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Coleman's motion to modify his term of imprisonment pursuant to § 3582(c)(2) is **DENIED**.

**ENTER**: This January 31, 2007.

UNITED STATES DISTRICT JUDGE